**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF VIRGINIA**
**Alexandria Division**

| | |
|---|---|
| In re:<br><br>STACEY ANN WHARAM,<br><br>Debtor. | Case No. 15-10501-BFK<br>Chapter 7 |
| RICHARD E. AUSTIN, REA PARTNERSHIP-A, AND REA DEVELOPMENT, INC.,<br><br>Plaintiffs,<br><br>v.<br><br>STACEY ANN WHARAM,<br><br>Defendant. | Adversary Proceeding<br>No. 15-01126-BFK |

**MEMORANDUM OPINION AND**
**ORDER DENYING DEFENDANT'S**
**MOTION TO REOPEN ADVERSARY PROCEEDING**

This matter comes before the Court on the Defendant's Amended Motion to Reopen this adversary proceeding. Docket No. 30. The Plaintiffs, Richard E. Austin, REA Partnership-A and REA Development, Inc., filed an Opposition to the Motion. Docket No. 32. The Defendant's Motion, although styled as a Motion to Reopen, is in fact a motion for relief from a judgment under Bankruptcy Rule 9024(a) (incorporating Federal Rule of Civil Procedure 60). The Motion and the Opposition cause the Court to examine the differing standards for the application of Rules 60(b)(3)

("fraud") and 60(d)((3) ("fraud on the court"). The Court heard the parties' arguments on August 4, 2026. For the reasons stated below the Court will deny the Motion.[1]

## PROCEDURAL HISTORY

The following facts are not in dispute:

*A. The State Court Divorce Proceedings.*

1. One of the Plaintiffs, Richard E. Austin, and the Defendant, Stacy A. Wharam, were married.

2. On June 26, 2013, Mr. Austin filed a Complaint for Divorce against Ms. Wharam in the Circuit Court of Albemarle County. Docket No. 24, Ex. B.

3. Shortly thereafter, on July 19, 2023, Mr. Austin filed a Petition for Judicial Relief with the Circuit Court. *Id.*, Ex. A.

4. The Circuit Court conducted a trial in the divorce case on October 27 and 28, 2014. *Id.,* Ex. D. Both parties were represented by counsel, and both parties testified. *Id.*

5. On December 31, 2014, the Circuit Court issued an Order on custody, visitation and equitable distribution. *Id.*, Ex. E. Importantly, in its Order, the Circuit Court found (multiple times) that Ms. Wharam forged three Powers of Attorney (dated July 17, 1998, March 1, 2010, and February 28, 2013), and used the Powers of Attorney to secure loans from third-party lenders. *Id.*, p. 6, The Court further found that a Deed of Gift for property at 630 Tanners Lane was a forgery. *Id.*, p. 6, 7, 8.

6. Ms. Wharam appealed the Judgment to the Virginia Court of Appeals. In December 2017, the Court of Appeals found that she had not preserved her claimed errors, and affirmed the

[1] To the extent that the Motion should be construed as a Motion to Reopen, the Court will deny the Motion because the Court finds that the relief sought would be futile. *In re Conner*, 2014 WL 879639, at *1, 2014 Bankr. LEXIS 844 *, at 2 (Bankr. W.D. Va. Mar. 5, 2014); *In re Cutright*, No. 2012 WL 1945703, at *4, 2012 Bankr. LEXIS 2419 *, at 12–13 (Bankr. E.D. Va. May 30, 2012); *In re Potes*, 336 B.R. 731, 732 (Bankr. E.D. Va. 2005).

Circuit Court's rulings (with one credit in Ms. Wharam's favor). *Wharam v. Austin*, Case No. 2044-16-2 (December 5, 2017).

7. On November 17, 2023, Ms. Wharam filed an independent action in the Circuit Court of Albemarle County to set aside the Divorce Decree. Motion, Ex. G. The case is not presently set for a trial, and it appears that Ms. Wharam has made no effort to move the case forward in the nearly three years it has been pending.

*B. The Adversary Proceeding in this Court.*

8. On February 12, 2015, while her appeal was pending in the Virginia Court of Appeals, Ms. Wharam filed a Voluntary Petition under Chapter 7 with this Court. Case No. 15-10501-BFK.

9. She received a discharge subject to any determinations of non-dischargeability of particular debts. Docket No. 57.

10. The Chapter 7 Trustee filed a Final Report, which the Court approved. Docket Nos. 76, 79.

11. On August 31, 2015, Mr. Austin filed a Complaint to determine the dischargeability of the debts owed to him. Adv. Pro. 15-01126-BFK, Docket No. 1.

12. The Summons and Complaint were properly served by first class mail to Ms. Wharam's residence and to her counsel. Docket No. 13.

13. Ms. Wharam, by counsel, filed a Motion to Extend Time *Nunc Pro Tunc* to file an Answer, which Mr. Austin opposed. Docket No. 15, 16.

14. On December 21, 2015, the Court entered an Order Denying the Defendant's Motion to Extend Time and an Order Granting Default Judgment. Docket Nos. 18, 19.

15. The Order Granting Default Judgment provided in part as follows:

2. The following obligations due and owing to Mr. Austin by the Defendant in connection with that certain Order entered by the Circuit Court of Albemarle County on December 31, 2014, are excepted from discharge pursuant to 11 U.S.C. §§ 523(a)(6) and (a)(15):

1) To provide healthcare coverage for each of the parties' minor children (the "Child Support Obligations");

2) To indemnify and hold harmless Mr. Austin in connection with that certain line of credit from SunTrust Bank (account ending 5881);

3) The reimbursement of $22,382.81 in connection with the monthly mortgage obligations of 630 Tanners Lane, Earlysville, Virginia;

4) The reimbursement of all expenses incurred in connection with the drafting and recording of a General Warranty Deed for 630 Tanners Lane, Earlysville, Virginia;

5) All expenses incurred by Mr. Austin in connection with the transfer of certain unimproved real property containing 21.199 acres and located at Glenmore;

6) To indemnify and hold harmless Mr. Austin for the obligations due under that certain Promissory Note dated February 13, 2013 (account ending 1530) in the original principal amount of $932,000 for the benefit of Union Bank & Trust;

7) To indemnify and hold harmless Mr. Austin for the obligations due under that certain Promissory Note dated February 28, 2013 (account ending 1754) in the original principal amount of $900,000 for the benefit of Union Bank & Trust;

8) The return of Mr. Austin's gold bullion and gold and silver coins;

9) The return all of Mr. Austin's guns and ammunition;

10) The return all of Mr. Austin's personal property as set forth in Exhibit D to the Order;

11) $6,000 in attorneys' fees; and

12) All other obligations due and owing to Mr. Austin by the Defendant pursuant to the Order (as amended, modified and/or supplemented).

3. The Child Support Obligations are further excepted from discharge pursuant to 11 U.S.C. § 523(a)(5).

4. All obligations of the Defendant to indemnify and hold harmless REA Partnership and REA, Inc. in connection with that certain Promissory Note dated February 13, 2013 in the original principal amount of $932,000, for the benefit of Union Bank & Trust, are excepted from discharge pursuant to 11 U.S.C. §§ 523(a)(4) and (a)(6).

5. All obligations of the Defendant to indemnify and hold harmless REA Partnership and REA, Inc. in connection with that certain Promissory Note dated February 28, 2013 in the original principal amount of $900,000, for the benefit of Union Bank & Trust, are excepted from discharge pursuant to 11 U.S.C. §§ 523(a)(4) and (a)(6).

The Defendant did not appeal either of the foregoing Orders.

16. The main bankruptcy case was closed on March 15, 2019.

*C. The Motion to Set Aside.*

17. On July 14, 2026, ten and one-half years after the entry of the Default Judgment, the Defendant filed a Motion to Reopen this adversary proceeding. Adv. Pro. No. 15-01126, Docket No. 24 (Amended Motion at Docket No. 30).

18. In her Motion to Reopen, the Defendant asserts that certain statements made by Mr. Austin in the divorce litigation were inconsistent with the Circuit Court's conclusion that the Powers of Attorney were forgeries. Specifically, the Defendant argues:

- The Petition for Judicial Relief filed by Mr. Austin in the Albemarle Circuit Court in July 2013, acknowledged the enforceability of at least one of the Powers of Attorney. *Id.*, Ex. A, pp. 1–2.
- Mr. Austin's Complaint for Divorce acknowledged the enforceability of at least one of the Powers of Attorney. *Id.*, Ex. B, pp. 5–6.
- On October 27, 2014, Mr. Austin testified that at least one of the powers of attorney was authorized and was not a forgery. *Id.*, Ex. D, pp. 92–93.

19. The Plaintiff filed an Opposition to the Motion to Reopen. Docket No. 32.

20. The Court heard the parties' arguments on August 4, 2026.[2]

## CONCLUSIONS OF LAW

The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334 and the Order of Reference entered by the U.S. District Court for this District on August 15, 1984. This is a core proceeding under 28 U.S.C. § 157(b)(2)(I) (determinations as to the dischargeability of particular debts).

### I. Rules 60(b)(3) and (d)(3).

Under Rule 60(b)(3), a judgment may be set aside for fraud. Rule 60(c)(1) provides that all Rule 60(b) motions must be brought within a reasonable time, and motions under Rules 60(b)(1) (mistake, inadvertence, surprise or excusable neglect), (2) (newly discovered evidence that could not have been discovered with reasonable diligence), and (3) (fraud, misrepresentation or misconduct by an opposing party) must be brought within one year after the entry of the judgment. The Fourth Circuit has noted the one year time limitation of Rule 60(c) "balances the competing

[2] On March 16, 2026, Ms. Wharam filed a Voluntary Petition under Chapter 11 with this Court. Case No. 26-10626-KHK. The case is pending before Judge Kindred. Mr. Austin and the REA parties have filed a Complaint to determine the dischargeability of the debts owed to them. Adv. Pro. 26-01028-KHK.

interests of relieving an aggrieved party from the hardships of an unjustly procured decision against the deep 'respect for the finality of judgments… engrained in our legal system.'" *Fox v. Elk Run Coal Co., Inc.*, 739 F.3d 131, 135 (4th Cir. 2014), quoting *Great Coastal Express, Inc. v. International Brotherhood of Teamsters*, 675 F.2d 1349 (4th Cir. 1982).[3]

Rule 60(d)(3), on the other hand, provides that a judgment may be set aside for "fraud on the court." Rule 60(c)'s reasonable time and one-year limitations do not apply to Rule 60(d) motions, though some courts apply a laches standard. *See Matthews, Wilson & Matthews, Inc. v. Capital City Bank*, 614 Fed.App'x. 969, 971 (11th Cir. 2015) (unreported decision); *Jackson v. Dixon*, 2025 WL 1952034, 2025 U.S. Dist. LEXIS 135009 * (M.D. Fla. 2025); *Wilkerson v. Grinnell Corp.*, 2022 WL 1731436, at *2, 2022 U.S. Dist. LEXIS 95781 * at 6 (S.D. Ga. May 3, 2022), adopted by 2022 WL 1721260, 2022 U.S. Dist. LEXIS 95712 * (S.D. Ga. May 27, 2022).[4]

**II. This is a Rule 60(b)(3) Case.**

The Court turns to a determination of whether this is a Rule 60(b)(3) case or a Rule 60(d)(3) case. The Defendant does not deny that she was properly served with process in this adversary proceeding. She filed a Motion to Extend Time, by counsel, which was denied. Neither she nor her counsel appeared at the default judgment hearing on December 15, 2015. Docket No. 28 (Hr'g Tr. 12/15/2015). She did not appeal the Default Judgment Order.

Additionally, the Defendant does not claim that any of the evidence proffered in support of her Motion to Reopen constitutes newly discovered evidence under Rule 60(b)(2) (which would be subject to the one year bar under Rule 60(c)(1)). The statements attributed to Mr. Austin were

---

[3] The Supreme Court recently held that even void judgments are subject to the reasonable time limitation of Rule 60(c)(1). *Coney Island Auto Parts Unlimited, Inc. v. Burton*, 607 U.S. 155, 146 S.Ct. 579 (2026).
[4] The Court need not decide whether a laches analysis is appropriate under Rule 60(d)(3) because the Court holds below that this case falls squarely within Rule 60(b)(3) and the Defendant's Motion is time-barred by Rule 60(c)(1).

made in the Plaintiff's and the Defendant's divorce case, where either she or her counsel were personally present when the statements were made.[5]

Rather, the Defendant relies exclusively on Rule 60(d)(3), alleging that the Plaintiff committed a fraud on the Court. The Fourth Circuit held in both *Fox* and *Great Coastal* that for purposes of Rule 60(d), "not only must fraud on the court involve an intentional plot to deceive the judiciary, but it must also touch on the public interest in a way that fraud between individual parties generally does not." 739 F.3d, at 136. Indeed, the Fourth Circuit held:

> We have likewise underscored the constricted scope of the fraud on the court doctrine. In *Great Coastal*, we held that fraud on the court is a "nebulous concept" that "should be construed very narrowly" lest it entirely swallow up Rule 60(b)(3). 675 F.2d at 1356. We stressed that this doctrine should be invoked only when parties attempt "the more egregious forms of subversion of the legal process ..., those that we cannot necessarily expect to be exposed by the normal adversary process." *Id.* at 1357. *Even the "perjury and fabricated evidence"* present in *Great Coastal*, which were "reprehensible" and unquestionable "evils," were not adequate to permit relief as fraud on the court because "the legal system encourages and expects litigants to root them out as early as possible." *Id*. Instead, the doctrine is limited to situations such as "bribery of a judge or juror, or improper influence exerted on the court by an attorney, in which the integrity of the court and its ability to function impartially is directly impinged[.]"

*Id.* (emphasis added).

The Defendant's allegations in this case fall squarely within the fraud standard of Rule 60(b)(3), and do not rise to the level of a Rule 60(d)(3) fraud on the court. In fact, the Defendant's allegations of "perjury" in this Court are unsubstantiated. The Plaintiff did not testify in this adversary proceeding. The Defendant's position, that the Plaintiff asserted inconsistent legal

---

[5] The Defendant's Motion further presents three anomalies. First, the Child Support Obligations are obviously non-dischargeable under Section 523(a)(5). Second, the indemnification obligations were part of a divorce proceeding and are non-dischargeable in Chapter 7 under Section 523(a)(15). If the Court were to grant her Motion to Reopen it could only do so as to the subsection (a)(4) and (a)(6) determinations of non-dischargeability. And third, the Promissory Note in the original principal amount of $932,000.00 and the Promissory Note in the original principal amount of $900,000.00 were held to be non-dischargeable under Sections 523(a)(2), (4) and (6) in a separate adversary proceeding filed by Union Bank & Trust. Adv. Pro. 15-01148-BFK, Docket No. 35. The Defendant has not moved to vacate the Default Judgment Order in that adversary proceeding.

positions between the state court divorce proceedings and his non-dischargeability adversary proceeding in this Court, could have given rise to the garden-variety affirmative defenses of collateral estoppel or judicial estoppel, had the Defendant chosen to appear and defend against the Plaintiff's allegations ten and a half years ago. There is no threat to the integrity of the Court in this case, and there is no public interest (other than the finality of the Court's judgments) at stake here. The Fourth Circuit noted in *Fox* that even the "perjury and fabricated evidence" presented in *Great Coastal* did not meet Rule 60(d)(3)'s standard for establishing a fraud on the court.

In sum, the Court finds that the need for the finality of judgments, coupled with the lack of any credible allegation of a "fraud on the court," require that the Defendant's Motion be denied.

## CONCLUSION

It is therefore **ORDERED**:

1. The Defendant's Motion to Reopen is **DENIED.**

2. The Clerk will mail copies of this Memorandum Opinion and Order, or will provide CM-ECF notice of its entry, to the parties below.

Date: Aug 21 2026

Alexandria, Virginia

/s/ Brian F Kenney
HONORABLE BRIAN F. KENNEY
CHIEF U.S. BANKRUPTCY JUDGE

Entered On Docket: Aug 25 2026

Copies to:

Nicole P. Moriarty, Esquire
1625 Eye Street NW, Suite 800
Washington, DC 20006
*Counsel for Plaintiffs*

Jeremy S. Williams, Esquire
901 East Byrd Street, Suite 1000
Richmond, VA 23219-4071
*Counsel for Plaintiffs*

Brian V. Lee, Esquire
1250 Connecticut Avenue, NW, 7th Floor
Washington, DC 20036
*Counsel for Defendant*

Jonathan B. Vivona, Esquire
601 King Street, Suite 400
Alexandria, VA 22314
*Counsel of Defendant*